[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this contract action by complaint served April 17, 1995. Defendant has filed an answer, special defenses CT Page 2947 and a counterclaim.
FACTS
Defendant as general contractor, and the United States Navy ("USN"), as owner, entered into a contract for a Replacement Condensate Line (Line) in Newport, Rhode Island (Navy Contract). On September 15, 1993 defendant received a proposal for the supply of thermal conduit and for technical field inspection support in accordance with the project specifications for the price of $118,660.00 for the Navy contract from Sigma Piping company, Inc. (Sigma).
On December 14, 1993, defendant entered into a contract for the lump sum price of $117,000. pursuant to which Sigma agreed to provide Sigma Class A Thermal Conduit (pipe) and field service all as more detailed in the plans, specifications and Sigma brochure (Sigma Contract). On May 17, 1994, Sigma invoiced defendant $117,000.00, the full amount of the purchase order. Plaintiff was a Field Service Technician on the project for Sigma. Richard W. Stroffin was also a Field Service Technician on the project for Sigma. They both filed "Field Service Technician's Daily Report[s]" for Sigma.
On June 14, 1994, defendant requested that Sigma issue a credit for a reduction in the pipe quantity. Sigma agreed to a credit of $8,493.67, plus a prompt payment discount of $5,428.17, less a 15% withholding for the remaining field service work. On June 16, 1994, defendant paid $87,664.89 to Sigma, leaving retainage of $15,470.27.
In July, 1994, disputes arose between Sigma and All State concerning:
 (1) The level of field service support required by the contract;
 (2) Sigma's failure to properly complete field inspection reports;
 (3) Sigma's failure to comply with the contract specifications to obtain system acceptance by USN; and
(4) Sigma's refusal to provide a signed partial CT Page 2948 lien waiver.
When Sigma failed to complete the field inspection and furnish the required field technician reports, defendant completed the project, obtained system acceptance and provided an extended warranty to USN.
Plaintiff was never an "authorized vendor", as depicted on the purchase order. Such a vendor must have a Federal Certification which plaintiff does not have. The holder of the Federal Certification for this project was Sigma which was the only authorized vendor for the project and which certified the system as "system's supplier." Indeed, the Sigma system was identified in the purchase order and in Sigma's offer.
CONCLUSIONS
The only contract in regard to the purchase of Sigma Class A Thermal Conduit and field services to be provided for the Navy Contract was between defendant and Sigma. Because plaintiff has failed to prove he had a contract with defendant it is unnecessary to decide any questions about amounts that might be due.
Judgment for defendant on complaint and for plaintiff on counterclaim.
O'Neill, J.